### John Sprague *versus* Darius Waite.
### The Same *versus* Uriah Oakes.

Where a verdict upon a point put in issue in a former action between the same pa
ties, might have been pleaded in estoppel, before the *St.* 1836, *c.* 273, abolishing
special pleading, it will now be conclusive when given in evidence under the gen-
eral issue.

A verdict in favor of the defendant in an action against one of two joint trespassers,
which would be conclusive evidence in a subsequent action against him by the
same plaintiff, will not be conclusive in an action by such plaintiff against the co-
trespasser.

These were actions of trespass *quare clausum fregit*, and
for demolishing a shed, destroying the plaintiff's fence, &c.
It was stated by the counsel for the plaintiff, that the defend-
ants, if guilty, were equally and jointly guilty ; and by consent
of the parties the two actions were tried together.   The de-
fendants severally pleaded the general issue and filed a state-
ment of the facts upon which they relied for their defence ;
and the plaintiff filed his answers to those statements.

An action was formerly brought by the plaintiff against
Waite (17 Pick. 309) for the same trespasses which are set
forth in the present suits, in which Waite pleaded the general
issue ; and also pleaded specially, confessing and avoiding, on
the ground that the *locus in quo* was a highway, and that the
shed, fence, &c. were placed thereon and were nuisances, and
he abated them as nuisances upon the highway, and that the
other acts complained of were done in making and repairing
the highway.   The plaintiff took issue on the allegation, that
the *locus* was a part of the highway, and the verdict was found
in favor of Waite.

The plaintiff alleged, that when the defendants made the
road, they went over the line thereof with their oxen and cart,
and turned them upon the plaintiff's land, and that this was a
trespass.   And he contended that the defendants made the
road about eight feet to the northward of his boundary line and
so covered up a triangular piece of his land.   He also contend-
ed, that the defendants did unnecessary damage to his shed,
fence, &c. and that he was entitled to recover for the exces-
sive injury.

It was admitted that all the acts of which the plaintiff now complained, were done by the defendants before the first action was brought against Waite. The trespasses were alleged to have been committed in October 1833. The date of the writ in that action was the 23d of November, 1833. The judgment was rendered, in favor of Waite, at the April term of this Court in 1836. The writs in the present actions were dated the 28th of May, 1836.

It was contended for the defendants, that the verdict in the former action was *conclusive* evidence that the highway extended as far to the northward as they had built the road, and conclusive as to all the acts which were before complained of by the plaintiff as trespasses, viz. hauling on a quantity of gravel to raise the road to its present height, and building a bridge thereon, &c. ; but for the purposes of the trial, it was ruled to be *competent*, but not *conclusive* evidence.

The jury found that the triangular piece of land now covered by the highway was a part of the plaintiff's close, and for covering the same with gravel and stones by Waite, they assessed damages for the plaintiff against Waite in the sum of $2·50, and as to all the other trespasses alleged they found that he was not guilty. A similar verdict was returned in the action against Oakes.

If the verdict in the former action ought to have been held conclusive evidence, in both of the present actions, then the verdicts were to be set aside so far as they found the defendants guilty, and the plaintiff was to be nonsuit ; if it ought to have been held conclusive in the action against Waite and not so in the action against Oakes, who was not a party to the former action, then the plaintiff was to be nonsuit as to Waite, and have his judgment against Oakes.

*Oct. 21st.*  *H. H. Fuller* and *Washburn*, for the defendants. As to the action against Waite, they cited 1 Stark. Ev. 185 ; *Duchess of Kingston's case*, 11 State Tr. 261 ; *St.* 1836, *c.* 273 ; *Wood* v. *Jackson*, 8 Wendell, 9 ; *Wright* v. *Butler*, 6 Wendell, 284 ; *Howard* v. *Mitchell*, 14 Mass. R. 243 ; *Gardner* v. *Buckbee*, 3 Cowen, 120. [See Perkins's notes in 2 Pick. (2d ed.) 22, 23.]

In regard to the action against Oakes, they said that he must

be considered a party or privy to the former verdict, being a joint trespasser with Waite, if any trespass was committed ; that he might have been, and for the avoidance of litigation he ought to have been, made a co-defendant with Waite ; that the question as to both was, whether the *locus* was a highway ; and that as Oakes was not a witness in the former action, and as he might have been made a party, he might, before the *St.* 1836, *c.* 273, have pleaded the verdict as an estoppel, and may now avail himself of it as conclusive evidence.    1 Stark. Ev. 185; *Outram* v. *Morewood*, 3 East, 346 ; *Strutt* v. *Bovingdon*, 5 Esp. 56 ; *Kitchen* v. *Campbell*, 3 Wils. 304 ; *Kip* v. *Brigham*, 6 Johns. R. 158, and 7 Johns. R. 168 ; *Adams* v. *Barnes*, 17 Mass. R. 365 ; *Thomas* v. *Rumsey*, 6 Johns. R. 26 ; *Maybee* v. *Avery*, 18 Johns. R. 352 ; *Tyler* v. *Ulmer*, 12 Mass. R. 166.

*Choate* and *Crowninshield*, for the plaintiff, cited *Eastman* v. *Cooper*, 15 Pick. 284 ; *Vooght* v. *Winch*, 2 Barn. & Ald. 662 ; *Church* v. *Leavenworth*, 4 Day, 278.

WILDE J. afterward drew up the opinion of the Court.

*Sprague* v. *Waite*.   The grounds of defence taken at the trial were, that a former suit brought by the plaintiff against the present defendant, was for the same trespass now charged in the present action, and that the judgment in favor of the defendant in the former action was conclusive evidence against the plaintiff in the present suit.

The evidence to show that the causes of action in the two suits were identical, was held, for the purposes of the trial, to be competent, but not conclusive.   As the jury found for the plaintiff, it now becomes necessary to decide whether the evidence is not conclusive.   And we are all clearly of the opinion that it is.   After judgment, and while the judgment remains in force, in any suit, the plaintiff can never be allowed to dispute or impeach the correctness of the judgment, or its merits, by bringing a new suit for the same cause of action.

Before the statute prohibiting special pleadings, if the facts relied upon by the defendant had been pleaded by way of estoppel, the plea unquestionably would have been held good. And consequently as it cannot be now so specially pleaded, the evidence to prove the identity of the causes of action in

the two suits must, if satisfactory, be held conclusive.   And no doubt remains that the trespass for which the jury have assessed damages, is the same trespass complained of in the former suit.   If other trespasses are complained of in the present suit, they have been negatived by the finding of the jury.

*New trial granted.*

*Sprague v. Oakes.*   In support of the defendant's motion for a new trial, it has been argued, that the verdict and judgment in favor of Waite, in a former action, in which he was charged with the same trespass now charged upon the defendant, is conclusive against the plaintiff in this suit, inasmuch as the trespass was joint and the defendant might have been joined with Waite as defendant in the former suit.   But the argument is not supported by the cases cited.

In the case of *Thomas v. Rumsey*, 6 Johns. R. 26, it was decided, that a judgment recovered against one of two joint publishers of a libel, and satisfaction received, might be well pleaded in bar to a separate action against the other publisher ; but the decision was not founded on the doctrine of estoppel, and is not applicable to the point in question.   The evidence is not conclusive unless the former judgment could have been pleaded by way of estoppel ; and clearly it could not be so pleaded.   The defendant was neither a party nor privy to that judgment, was not bound by it, nor could he take advantage of it.   It is, however, unnecessary to discuss this question, as the defendant did not take this ground of defence at the trial, as appears by the specification of his defence.

*Judgment on the verdict.*